UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHAWN CALLENDER,**

    **Plaintiff,**

                                  Case No. 02-73730

**v.**

                                  HONORABLE DENISE PAGE HOOD

**THE CITY OF PONTIAC, et al.,**

    **Defendants.**

_____/

**MEMORANDUM OPINION & ORDER REGARDING
DEFENDANTS' MOTIONS IN LIMINE**

**I. INTRODUCTION**

In the early morning hours of February 11, 2001, a fight broke out at the High Kicker Saloon in Pontiac. The Pontiac Police Department ("PPD") was called by someone at the saloon, and Defendant officers arrived on the scene. Plaintiff Shawn Callender did not immediately leave the premises when asked to by Defendant officers. Plaintiff was arrested by Defendant officers, and Plaintiff was struck during this process.

On September 18, 2002, Plaintiff filed the instant Complaint against the City of Pontiac, the PPD, and Officers Hable, Kershaw, Ludd, and Henbry. In his Complaint, Plaintiff alleges separate counts of assault and battery, intentional infliction of emotional distress, gross negligence, false arrest/imprisonment, malicious prosecution, and certain constitutional deprivations. On March 30, 2005, the Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgment. The Court's Order dismissed the City of Pontiac and the PPD as Defendants in this case.

This matter is currently before the Court on three Motions in limine filed by the remaining

Defendants. In their Motions, all filed on April 13, 2005, Defendants seek to bar Plaintiff from presenting: (1) damage claims/evidence at trial due to Plaintiff's alleged repeated failure to provide damage information; (2) allegedly improper FRE 404(b) evidence; and (3) fact witness affidavits or other out-of-court statements in place of live testimony. Plaintiff has not filed a response to any of Defendants' Motions.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motions in limine.

## II. APPLICABLE LAW & ANALYSIS

### A. Introduction of Damage Evidence

Defendants allege Plaintiff has used "obstructionist tactics" throughout the course of discovery. (Defs.' Mot. in limine to Bar Pl. from Presenting Damage Claims at 2.) As a result of these tactics, Defendants allege they "remain largely in the dark" regarding "the majority of Plaintiffs' [sic] claims." (Id.) In particular, Defendants claim Plaintiff has yet to specify his damage calculations and itemizations. In Plaintiff's Rule 26(a)(1) disclosures, he simply states he is "requesting damages in the amount of One Hundred Fifty ($150,000) Thousand Dollars. The computation of the exact figures are to be provided by a to be determined economist." (Id., Ex. A.) Defendants allege they noticed Plaintiff's named experts on three separate occasions, only to have Plaintiff cancel each scheduled deposition. (Br. in Supp. of Mot. in limine to Bar Pl. from Presenting Damage Claims at 2.) Defendants continue, "Plaintiff finally acknowledged that he had never even retained the experts named in his Witness List." (Id., citing Ex. B.)

Defendants specifically requested Plaintiff set forth damage calculations in their January, 2003 Interrogatory. (Id., Ex. C at 13.) Defendants requested Plaintiff "[i]temize and describe in

detail, including dollar amounts, and methods of calculating same, all items of damage claimed by you in this action." (Id.) Plaintiff left the answer section in response to this interrogatory blank. (Id.) Plaintiff failed to answer despite an Order entered by Magistrate Judge Paul J. Komives granting Defendants' Motion to Compel Discovery and Motion for Sanctions.

In a document request sent to Plaintiff, Defendants sought:

> Every document relating to the alleged injuries and special damages you contend resulted from or were caused by the [in]cident, including all documents relating to your calculation of your alleged damages and all medical records and discharge documents from Pontiac Osteopathic Hospital.

(Id., citing Ex. D.) Plaintiff provided his one-page discharge instructions from the hospital along with poor-quality black and white photographs in response to Defendants' request. (Id. at 3.) Because of Plaintiff's failure to more specifically set forth his damage claims, Defendants seek an order barring Plaintiff from presenting any damages evidence to the jury during trial.

Defendants cite Fed. R. Civ. P. 37(c) as mandating such an order. Rule 37(c)(1) provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the sanctions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rule 26(a)(1)(C) requires parties to provide a computation of any category of damages claimed, as well as providing documents and other evidentiary material relating to damages. Plaintiff has asserted a lump-sum damage amount, citing "loss of employment" and "post traumatic stress disorder" without further discussion.

Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal quotation and citation omitted). It is clear that Plaintiff's omission of damage calculations is not a harmless violation of Rule 26. Defendants request this information in order to prepare for trial and rebut Plaintiff's contentions regarding the officers' alleged misconduct. Since Plaintiff has not responded to Defendants' Motions, he has not offered any substantial justification for his failure to disclose more specific damage information. In light of the already prolonged nature of the discovery process in this case and the outstanding Order from the Magistrate Judge compelling Plaintiff's response, the Court finds no apparent reason for Plaintiff's continued failure to inform Defendants of his damage claims.

Barring Plaintiff from presenting any damage evidence at trial is a strong remedy. The Court therefore orders Plaintiff to supplement his damage claims with specific calculations of every category of damages claimed. Plaintiff must also include the name of any expert to be called as a witness during trial, if any. Plaintiff must give notice to Defendants of the expert's name, and provide the following: (1) a copy of the expert's curriculum vitae; (2) a statement of what the expert expects his or her testimony to be; (3) notice of the expert's availability to be deposed prior to the time of the due date of the Final Pretrial Order, July 25, 2005; and (4) any report prepared in anticipation of trial. Such notice shall be given to Defendants by June 15, 2005. Failure to do so may result in Plaintiff being barred from presenting any evidence at trial relating to damages.

**B.    FRE 404(b) Evidence**

Defendants' second Motion focuses on Plaintiff's alleged intention to present evidence of

the officers' prior actions. Defendants argue that since Plaintiff's claim for municipal liability has been dismissed by the Court, "[i]t is now irrelevant whether or not the dismissed City [of Pontiac] had 'notice' of any wrongdoing for purposes of establishing municipal § 1983 liability . . . ." (Defs.' Br. in Supp. of Mot. in limine to Bar Pl. from Presenting Improper 404(b) Evidence at 1.) Defendants go on to claim "evidence of such alleged wrongdoing is irrelevant to the remaining claims against the individual police officers. The only conceivable purpose for introducing such evidence is to paint the officers as having 'bad characters' – an improper use of such evidence pursuant to FRE 404(b)."  (Id.)

FRE 404(b) is one of the most cited Rules in the Federal Rules of Evidence. It provides as follows:

> **(b) Other Crimes, Wrongs, or Acts.**—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

The text of Rule 404(b) contains several exceptions allowing admission of other crimes, wrongs, or acts into evidence. Id. A three-part test guides courts regarding the admissibility of such evidence. *See Pressman v. Franklin Nat'l Bank*, 384 F.3d 182 (6th Cir. 2004). The district court must decide whether: (1) there is sufficient evidence that the other act in question actually occurred; (2) the evidence of the other act is probative of a material issue other than character; and, if so, (3) the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *Id.*

Defendants claim "Plaintiff cannot prove a logical link between the evidence [and] the remaining allegation[s]." (Br. in Supp. at 3.)  The Court finds this assertion is incorrect. Plaintiff

may be able to demonstrate other act evidence such as citizen's complaints, disciplinary actions, and other lawsuits filed against Defendants fit within one of the noted exceptions to Rule 404(b). Defendants' Motion must be denied at this time. However, Plaintiff, prior to offering such evidence at trial, must make an offer of proof as to what exception to Rule 404(b) is claimed.

      **C.**      **Fact Witness Affidavits and Other Out-of-Court Statements in lieu of Live Testimony**

Defendants' final Motion in limine seeks to bar Plaintiff from presenting fact witness affidavits or other out-of-court statements in place of live testimony. Defendants state Plaintiff has noted his intention to use such evidence at trial in his Exhibit List. (Defs.' Br. in Supp. of Mot. to Bar Pl. from Presenting Fact Witness Aff. at 1.) Defendants assert the proffered evidence constitutes inadmissible hearsay and violates the Federal Rules of Civil Procedure requiring the testimony of live witnesses. See FRE 801(c) (defining hearsay as "statements, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); Fed. R. Civ. P. 43(a) ("[i]n every trial, the testimony of witnesses shall be taken in open court . . . ."). Defendants must usually be afforded the opportunity for cross-examination.

The Federal Rules of Evidence provide several exceptions to the hearsay rule. Plaintiff has not indicated under which exception, if any, his evidence would fall. The Court finds Plaintiff may not introduce affidavits, written or recorded witness statements, or transcripts from administrative hearings in place of live witness testimony without first demonstrating the admissibility of such evidence.

Accordingly,

IT IS ORDERED that Defendants' Motion in limine to Bar Plaintiff from Presenting Damage

Claims/Evidence at Trial Due to Plaintiff's Repeated Failure to Provide Damage Information **[Docket No. 47, filed April 13, 2005]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff supplement his damage claims with specific calculations of every category of damages claimed. Plaintiff must also include the name of any expert to be called as a witness during trial, if any. Plaintiff must give notice to Defendants of the expert's name, and provide the following: (1) a copy of the expert's curriculum vitae; (2) a statement of what the expert expects his or her testimony to be; (3) notice of the expert's availability to be deposed prior to the time of the due date of the Final Pretrial Order; and (4) any report prepared in anticipation of trial. Plaintiff must comply with this Order by **June 15, 2005**. Failure to do so may result in Plaintiff being barred from presenting any evidence at trial relating to damages.

IT IS FURTHER ORDERED that Defendants' Motion in limine to Bar Plaintiff from Presenting Improper 404(b) Evidence **[Docket No. 48, filed April 13, 2005]** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion in limine to Bar Plaintiff from Presenting Fact Witness Affidavits or Other Out-of-Court Statements in Place of Live Testimony **[Docket No. 49, filed April 13, 2005]** is GRANTED IN PART and DENIED IN PART. Plaintiff may introduce such evidence at trial only upon a proper showing of admissibility.

      /s/ Denise Page Hood  
      DENISE PAGE HOOD  
      United States District Judge

DATED:   May 27, 2005